### NEWMAN v. ACME METAL CEILING CO.

(Supreme Court, Appellate Term. April 9, 1912.)

1. MASTER AND SERVANT (§ 293*)—OBLIGATION OF MASTER—SAFE APPLIANCES.
    An instruction that a servant is entitled to safe appliances and safe and proper machinery with which he will come in contact is objectionable, as imposing on the master the obligation of insurer of the safety of his servants so far as appliances are concerned.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1161; Dec. Dig. § 293.*]

2. TRIAL (§ 251*)—INSTRUCTIONS—ISSUES.
    It is error to submit an issue not raised by the pleadings.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Abraham Newman against the Acme Metal Ceiling Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

James B. Henney (Floyd K. Diefendorf, of counsel), for appellant. Charles S. Rosenthal (L. F. Fish, of counsel), for respondent.

GUY, J. The defendant appeals from a judgment in favor of plaintiff, entered upon the verdict of a jury, in an action brought to recover damages for personal injuries alleged to have been sustained by plaintiff while in defendant's employ. The action is brought under the Employer's Liability Act. At the time of the accident, plaintiff was assisting in the raising of certain sheets of tin from the ground floor to the fifth floor of the building in which defendant was conducting certain work. The material was hoisted by means of a rope and pulley. The rope was tied about the tin, before hoisting, by a fellow workman of the plaintiff. The work had been conducted in this manner for a period of two weeks before the accident. On the day of the accident, while plaintiff was reaching out to pull in a load of tin which had been hoisted by a fellow workman, the rope about the tin became loose, and certain pieces of tin fell upon his hands, severely injuring them. Plaintiff claims that defendant's negligence consisted in not furnishing a screw or bolt with which to fasten the load of tin for the purpose of hoisting. The evidence is very vague and unconvincing as to the manner in which such screw or bolt would have operated to prevent the accident in question, or whether it was practicable to use such an appliance.

[1] In submitting the case to the jury, the learned trial justice charged the jury as follows:

"As an employé of the defendant in this case, the plaintiff was entitled, not alone to safe tools to work with, but he was also entitled to have the machinery with which he came in contact safe and proper. * * * Now, of course, the plaintiff in this case must exercise care, notwithstanding that he is entitled to safe appliances and a safe place to work."

This charge was erroneous, as, in effect, it instructed the jury that the obligation was on the employer to insure the safety of his employés so far as appliances were concerned. This is not a correct statement of the law. The duty of the master was merely to furnish reasonably safe tools and appliances. This proposition is so well established that it is unnecessary to cite authorities in support thereof.

[2] The learned trial justice also erred in submitting to the jury the question of a safe place to work, which was not one of the issues raised by the pleadings.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.